1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

| 11 | LIAM MULLIGAN, | CASE NO. CV14-9510 DMG (MANx) |
| 12 | Plaintiff, | |
| 13 | v. | |
| 14 | COUNTY OF LOS ANGELES, a municipal corporation LOS ANGELES | **PROTECTIVE ORDER ENTERED PURSUANT TO STIPULATION OF** |
| 15 | COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES | **THE PARTIES** |
| 16 | COUNTY SHERIFF, JOHN L. SCOTT; MICHAEL FAIRBANKS; | |
| 17 | GERADO VALDIVIA; BYRON HOLLOWAY; and DOES 1-50, | |
| 18 | inclusive, | |
| 19 | Defendants. | |

20

21       Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on

22 the parties' Stipulation For Protective Order ("Stipulation") filed on April 9, 2015,

23 the terms of the protective order to which the parties have agreed are adopted as a

24 protective order of this Court (which generally shall govern the pretrial phase of this

25 action) except to the extent, as set forth below, that those terms have been modified

26 by the Court's amendment of paragraphs 1, 2, 5, 6, 9, 10, 11, 14, 15, 16, 17, 18, 19,

27 21, and 22 of, and Appendix A to, the Stipulation.

28       The parties are expressly cautioned that the designation of any information,

1  document, or thing as "confidential," or other designation(s) used by the parties,
2  does not, in and of itself, create any entitlement to file such information, document,
3  or thing, in whole or in part, under seal.  Accordingly, reference to this Protective
4  Order or to the parties' designation of any information, document, or thing as
5  confidential or other designation(s) used by the parties, is wholly insufficient to
6  warrant a filing under seal.

7      There is a strong presumption that the public has a right of access to judicial
8  proceedings and records in civil cases.  In connection with non-dispositive motions,
9  good cause must be shown to support a filing under seal.  The Court has stricken the
10  parties' good cause statement because:  the Court may only enter a protective order
11  upon a showing of good cause, <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d
12  1172, 1176 (9th Cir. 2006), <u>Phillips v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11
13  (9th Cir. 2002), <u>Makar-Welbon v. Sony Electrics, Inc.</u>, 187 F.R.D. 576, 577 (E.D.
14  Wis. 1999) (even stipulated protective orders require good cause showing); and a
15  specific showing of good cause or compelling reasons (see below), **with proper**
16  **evidentiary support and legal justification**, must be made with respect to each
17  document or item designated as confidential, or other designation(s) used by the
18  parties, which a party seeks to have filed under seal.  The parties' mere designation
19  of any information, document, or thing as confidential,  or other designation(s) used
20  by parties, does not -- **without the submission of competent evidence, in the form**
21  **of a declaration or declarations, establishing that the material sought to be filed**
22  **under seal qualifies as confidential, privileged, or otherwise protectable** --
23  constitute good cause.

24      Further, if sealing is requested in connection with a dispositive motion or
25  trial, then compelling reasons, as opposed to good cause, for the sealing must be
26  shown, and the relief sought shall be narrowly tailored to serve the specific interest
27  to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th
28  Cir. 2010).  For each item or type of information, document, or thing sought to be

1   filed or introduced under seal in connection with a dispositive motion or trial, the

2   party seeking protection must articulate compelling reasons, supported by specific

3   facts and legal justification, for the requested sealing order. **Again, competent**

4   **evidence supporting the application to file documents under seal must be**

5   **provided by declaration.**

6       Any document that is not confidential, privileged, or otherwise protectable in

7   its entirety will not be filed under seal if the confidential portions can be redacted.

8   If documents can be redacted, then a redacted version for public viewing, omitting

9   only the confidential, privileged, or otherwise protectable portions of the document,

10   shall be filed.   Any application that seeks to file documents under seal in their

11   entirety should include an explanation of why redaction is not feasible.

12       Notwithstanding any other provision of this Protective Order, in the event that

13   this case proceeds to trial, all information, documents, and things discussed or

14   introduced into evidence at trial will become public and available to all members of

15   the public, including the press, unless sufficient cause is shown in advance of trial to

16   proceed otherwise.

17       Further, notwithstanding any other provision of this Protective Order, no

18   obligation is imposed on the Court or its personnel beyond those imposed by the

19   Court's general practices and procedures.

20       **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND**

21   **ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE**

22   **HONORABLE DOLLY M. GEE, UNITED STATES DISTRICT JUDGE,**

23   **INCLUDING THOSE APPLICABLE TO FILINGS UNDER SEAL.**

24   \\

25   \\

26   \\

27   \\

28   \\

**AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT**[1]

1.      The information and/or documents the parties may disclose and/or produce pursuant to FRCP 26 during the course of discovery may contain private and confidential information.

2.      Defendants LOS ANGELES COUNTY SHERIFF'S DEPARTMENT ("LASD"), COUNTY OF LOS ANGELES ("COLA"), DEPUTY MICHAEL FAIRBANKS, DEPUTY BYRON HOLLOWAY, and DEPUTY GERARDO VALDIVIA (collectively "Defendants") will produce documents and information as required by the Initial Disclosures and responsive to discovery requests, but only under the strict circumstances and limitations of this Protective Order, **pursuant to which** said documents and information are **to be** kept confidential and private, and with **mutual** assurances that said documents and information shall not be produced, copied, or disseminated to any person or entity unless authorized by this Protective Order.

3.      Plaintiff Mulligan (hereinafter "Plaintiff") will produce documents and information as required by the Initial Disclosures and responsive to discovery requests, but only under the strict circumstances and limitations of this Protective Order, pursuant to which said documents and information are kept confidential and private, and with mutual assurances that said documents and information shall not be produced, copied, or disseminated to any person or entity unless authorized by this Protective Order.

4.      The documents and information that constitute confidential information for purposes of this Protective Order include:  materials entitled to privileges and/or

---

[1]      The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

1  protections under United States Constitution, First Amendment; the California

2  Constitution, Article I, Section 1; California *Penal Code* Sections 832.5, 832.7, and

3  832.8; California *Evidence Code* Sections 1040 and 1043 et. seq; the Official

4  Information Privilege; the Privacy Act of 1974, 5 U.S.C. § 552a; the right to

5  privacy; and decisional law relating to such provisions.  Confidential information

6  with respect to the Defendants may include:   internal affairs reports or

7  investigations, personnel files, and police training documents or policies that are

8  kept from the public in the ordinary course of business.  Confidential information

9  with respect to the Plaintiff may include:  Plaintiff's employment records; telephone

10  records (whether voice or text); any healthcare practitioner's medical reports,

11  psychological notes, and evaluations; and reports and treatment plans relating to the

12  treatment, care, and evaluation of Plaintiff.

13       5.  **Material designated as** confidential shall be used solely in connection

14  with the preparation **for** trial of, **or in connection with efforts to settle,** the within

15  case, *Mulligan. v. COLA*, *et al*. Case No. CV14-9510 DMG (MANx), or

16  **preparation for** any related appellate proceeding.  **Thus,** material designated as

17  confidential under this Protective Order -- as well as the information contained

18  therein, and any summaries, copies, abstracts, or other documents derived in whole

19  or in part from material designated as confidential (hereinafter "confidential

20  material" or "confidential information") -- shall **not be used for any purpose other**

21  **than litigating this action and shall not be used in any other litigation or**

22  **proceeding**.

23       6.  **[INCORPORATED INTO PARAGRAPH 5 ABOVE.]**

24       7.  Confidential material may not be disclosed except as provided in

25  paragraph 8.

26       8.  Confidential material may be disclosed only to the following persons:

27           (a)  Counsel for any party and any party to this litigation;

28           (b)  Paralegal, stenographic, clerical, and secretarial personnel

1    regularly employed by counsel referred to in (a);

2            (c)    The Court and its personnel, including stenographic reporters

3    engaged in such proceedings as are necessarily incidental to preparation for the trial

4    of this action;

5            (d)    Any outside expert or consultant retained in connection with this

6    action, and not otherwise employed by either party; and

7            (e)    Any "in-house" expert designated by either party to testify at

8    trial in this matter.

9            Nothing in paragraph 7 is intended to prevent Defendants or other authorized

10   government officials from having access to documents to which they would have

11   had access in the normal course of their job duties.  Further, nothing in Paragraph 7

12   is intended to prevent Plaintiff's employer or healthcare practitioners from having

13   access to documents to which they would have had access in the normal course of

14   their job duties.

15           9.    Each person to whom disclosure is made, with the exception of those

16   identified in paragraph 8, shall, prior to the time of disclosure, be provided a copy of

17   this Protective Order by the person furnishing him/her such material, and shall agree

18   on the record or in writing, that he/she has read this Protective Order and

19   understands its provisions.  Such person also must consent in writing to be subject to

20   the jurisdiction of the United States District Court for the Central District of

21   California with respect to any proceedings relating to enforcement of this Protective

22   Order, including without limitation, any proceedings for contempt.  Unless made on

23   the record in this litigation, counsel who is making the disclosure to any person

24   described above shall retain until final termination of this litigation the original

25   executed copy of any written agreement **made to comply with the terms of this**

26   **Protective Order**.  (*See* Appendix "A").

27   \\

28   \\

10.    **To designate confidential documentary material** (apart from transcripts of depositions), the producing party shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.

11.    Confidential material must be stored and maintained by counsel for the receiving party at a location and in a secure manner which ensures that access is limited to the persons authorized to such access under this Protective Order. Confidential material shall be clearly marked by counsel for the **producing** party and maintained by counsel for the receiving party with the following legend or a similar legend recorded upon it which brings its attention to a reasonable examiner:

CONFIDENTIAL: THESE DOCUMENTS ARE SUBJECT TO THE TERMS AND CONDITIONS OF A PROTECTIVE ORDER, CASE NO. CV14-9510 DMG (MANx).

12.    Each person to whom disclosure is made shall not duplicate any confidential information except for working copies and for filing with the Court.

13.    Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition.  Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

14.    **If any party seeks to file or lodge with the Court any document or thing which reflects, sets forth, or contains any confidential information or confidential material or any portion thereof, such document or thing shall be submitted to the Court with an application to file under seal in accordance with this Court's Local Rule 79-5.1 and providing the requisite showing based on competent evidence of "good cause" or "compelling reasons" for the requested filing under seal.**

\\

\\

15.     Nothing in this Protective Order shall limit the ability of either party to use any document or confidential information **or confidential material** in any court proceeding, including trial. **A party lodging or filing confidential information or confidential material with the Court shall redact** personal information of any witness or law enforcement officer.   Confidential material shall not lose its confidential status through its use in any court proceeding in this action.

16.     At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this Protective Order, **other than that which has been filed with the Court,** shall be destroyed or, if appropriate, returned to the **producing** party, and **destruction or return shall be confirmed** in writing to that producing party.

17.     If any party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as confidential, that party must so notify the **producing** party, in writing (by fax **or email**, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order.   Such notification must include a copy of the subpoena or court order.

18.     If any party learns that, by inadvertence or otherwise, he/she/it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, that party must immediately:  (a) notify the **producing** party in writing of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the confidential material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the Confidentiality Agreement (Appendix "A").

19.     Nothing in this Protective Order shall be construed as a waiver of any privilege (including work product) that may be applicable to any document or information.  Further, by stipulating to the entry of this Protective Order, the parties do not waive any right **they** otherwise would have to object to disclosing or

1   producing any information or item on any ground not addressed in this Protective

2   Order. Similarly, the parties do not waive any right to object, on any ground, **to the**

3   use as evidence **or introduction into evidence** of any of the material covered by

4   this Protective Order.

5         20.   Further, this Protective Order is entered solely for the purpose of

6   facilitating the exchange of documents, material, and information between the

7   parties to this action without involving the Court unnecessarily in the process.

8   Neither this Protective Order, nor the production of any document, material, or

9   information, shall be deemed to have the effect of an admission or waiver by either

10   party, or of altering the confidentiality or non-confidentiality of any such document,

11   material, or information, or altering any existing obligation of any party or the

12   absence thereof.

13         21.   The Court shall have jurisdiction over the parties, their counsel, and all

14   persons to whom confidential information **or confidential material** has been

15   disclosed for the purpose of enforcing terms of this Protective Order, redressing any

16   violation thereof, and amending or modifying the terms as the Court may deem

17   appropriate.

18         22.   The foregoing is without prejudice to the right of any party:

19             (a)   To apply to the Court for a further protective order relating to

20   **confidential information or** confidential material in this litigation;

21             (b)   To apply to the Court for an order removing the **confidential**

22   **information or** confidential material designation from any documents; and

23             (c)   To apply to the Court for an order compelling production of

24   documents or modification of this Protective Order or for any order permitting

25   disclosure of **confidential information or** confidential material beyond the terms of

26   this order.

27   \\

28   \\

23.    Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

**IT IS SO ORDERED.**

Dated: May 5, 2015

___ _Margaret A. Nagle_ ___
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

**APPENDIX "A"**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1
2
3    I have read and understand the Protective Order of the United States District
4 Court, Central District entered on the _____ day of _____, 2015, in the
5 matter of *Mulligan v. COLA*, *et al*. Case No. CV14-9510 DMG (MANx).  A copy of
6 the Protective Order has been delivered to me with my copy of this
7 Acknowledgement and Agreement to Be Bound (hereinafter "Confidentiality
8 Agreement").   I agree to be bound by all the terms of this Confidentiality
9 Agreement.

10    I further agree to be bound by all the terms of the Protective Order and hereby
11 agree not to use or disclose the confidential information or confidential material (as
12 defined by that Order) disclosed to me, except for purposes of this litigation as
13 required by the Protective Order.  I further agree and attest to my understanding that
14 a breach of this Confidentiality Agreement may be directly actionable, at law and in
15 equity, and may constitute a violation of the Protective Order.  I further agree that,
16 in the event I fail to abide by the terms of the Protective Order, or if I disclose or
17 make use of any confidential information or confidential material acquired during
18 this litigation, I may be subject to civil sanctions, including contempt of court,
19 imposed by the Court for such failure.

20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1    I further agree to submit to the jurisdiction of the United States District Court
2  for the Central District of California for the purpose of enforcing the terms of this
3  Confidentiality Agreement and the Protective Order, even if such enforcement
4  proceedings occur after termination of this action.
5  Dated:

6
7  _____
   Signature
8
9  _____
   Name (Printed)
10
11 _____
   Street Address
12
13 _____
   City              State          Zip
14
15 _____
   Occupation or Business
16
17
18
19
20
21
22
23
24
25
26
27
28